THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFERY DONALD, Defendant-Appellant.

(No. 54222;

First District—March 3, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Theodore A. Gottfried, Herbert Becker, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Robert Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the Circuit Court, where defendant was found guilty of theft of property valued at less than $150 and sentenced to a term of one year in the House of Correction.

On March 9, 1967, Norval Smith, the complaining witness, drove to work in his 1958 Cadillac and parked it in the company parking lot. Ten minutes later he returned to the lot and discovered that his car was gone. He had not given permission to anyone to use the car.

On March 14, 1967, a police officer saw two men in a 1958 Cadillac, driving with the bright lights on in violation of a city ordinance. The police attempted to stop the vehicle while using the squad car's blue Mars light and a spotlight. The car sped away. After chasing the car at high speeds and through two stop signs, the police momentarily lost sight of the car, but then saw it parked halfway down an alley. The two men were sitting in the car, drinking wine. When the driver, who is the defendant in this case, was asked for the registration or identification of the automobile, he could not produce any. The driver was arrested and taken into custody.

When the complaining witness regained possession of his automobile, he noticed the inside of the car had been torn up, and the license plates were not his.

At trial the defendant stated it was his belief the car belonged to his companion's father, and he had no knowledge it had been stolen. He was tried by the court sitting without a jury and found guilty.

On appeal the defendant claims he was not proved guilty beyond all reasonable doubt, because the evidence was not sufficient to establish guilt, and criminal intent was not proved beyond a reasonable doubt.

● 1, 2  The defendant argues that since no one saw him take the car, the evidence against him was insufficient to establish guilt beyond a reasonable doubt. The applicable rule is set forth in the case of *People v. Magnafichi* (1956), 9 Ill.2d 169, at p. 173:

"To justify a conviction, circumstantial evidence must be of such a nature as to produce a reasonable and moral certainty that the accused committed the crime. Where the circumstances can be explained upon a reasonable hypothesis consistent with innocence and leave a serious and grave doubt of guilt, a conviction cannot stand. *People v. Taylor*, 410 Ill. 469; *People v. Widmayer*, 402 Ill. 143; 15 I.L.P., Criminal Law, sec. 912."

■■ The mere fact the defendant offered testimony inconsistent with guilt is not conclusive. It presented only a question of credibility for the trier of fact. In *People v. Hanson* (1968), 97 Ill.App.2d 338, the court stated at p. 342:

"When the courts speak of an explanation they do not mean that any explanation overcomes the inference of guilt. It must be a satisfactory explanation—one that the trier of fact finds reasonable and acceptable * * * . If an explanation is made, the acceptance or rejection of the explanation is also for the trier of fact."

■■ In the instant case there is ample evidence which would cause disbelief of defendant's testimony. His attempted escape from the police at high speeds and through two stop signs is very damaging to his story. Even though the police car was at times only a few feet behind him, he stated he did not know he was being pursued.

■■ Evidence of flight has long been admissible as tending to prove guilt as well as in assessing credibility. *People v. White* (1968); 99 Ill.App.2d 270; *People v. Nunn* (1965), 63 Ill.App.2d 465.

■■ It is well established in Illinois that the recent, exclusive, and unexplained possession of a stolen vehicle by the defendant is, in and of itself, sufficient to prove him guilty beyond a reasonable doubt. (*People v. Jones* (1968), 99 Ill.App.2d 364; *People v. Smith* (1969), 107 Ill.App.2d 267; *People v. White* (1968), 99 Ill.App.2d 270.) The defendant was admittedly driving the car on the night of his arrest only five days after its theft. In *People v. Pride* (1959), 16 Ill.2d 82, it was determined that "recent possession" may be as long as twenty-five days from the time of the theft.

■■ Neither is it of consequence that there was a second occupant of the car who may have been exercising joint control over the auto. Where possession is joint, it is presumed all in possession are guilty of theft. *People v. Hyde* (1968), 97 Ill.App.2d 43; *People v. Reynolds* (1963), 27 Ill.2d 523.

From the record, we find the evidence was sufficient to prove the defendant guilty beyond a reasonable doubt, and that his criminal intent was properly inferred from the evidence adduced at trial.

For the reasons stated, the conviction is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.