THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARLOS SANSOREZ, Defendant-Appellant.

Second District No. 2—86—0478

Opinion filed June 26, 1987.

G. Joseph Weller and Robert C. Cooper, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Robert J. Biderman and Peter C. Drummond, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Carlos Sansorez, was convicted of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c)) and sentenced to nine years' imprisonment. He appeals his sentence, claiming that the trial court considered an improper factor in sentencing. He does not challenge the validity of his conviction.

Defendant was arrested December 18, 1985, along with Miguel Chan, when they delivered cocaine to an undercover police officer. Chan subsequently pleaded guilty and received the minimum sentence of six years in exchange for his testimony against defendant. The undercover officer also testified. At trial, defendant testified that Chan requested defendant to pick up a package which turned out to contain a work glove. The following day, Chan called defendant and told him that they were going to make some money. At Chan's insistence, defendant retrieved the glove and gave it to the officer in exchange for $4,200. Defendant testified he did not realize that the glove contained cocaine.

Defendant was found guilty of unlawful delivery of a controlled substance. At a sentencing hearing on April 16, 1986, the court sentenced him to nine years in the Department of Corrections. At the hearing, the following colloquy occurred:

"THE COURT: The name of the country that you and your cousin come from is what, Belize?

MR. SHORTS (Defense Counsel): Belize. That's former British Honduras. It's on the Caribbean, Your Honor. The area in square miles, 8000; population, 166,000. A very small independent nation. As I say, it was formerly known as British Honduras.

THE COURT: It is known, also, for being a conduit for drug trafficking, too.

MR. SHORTS: If I may say so, I'm not aware of that fact, Your Honor.

THE COURT: Well, I can't prove it, because I haven't been there, and I don't intend to go there, but I have read that in a couple of places, but I don't think it has much bearing here as to same."

From these remarks, defendant concludes that the court based its sentence in part on an improper factor, the defendant's national origin.

■■ It is true, as defendant contends, that all persons must be subject to like punishment, regardless of alienage or national origin. (*Yick Wo v. Hopkins* (1886), 118 U.S. 356, 373-74, 30 L. Ed. 220, 227, 6 S. Ct. 1064, 1073.) The aggravating factors which a sentencing judge may properly consider are listed in the Unified Code of Corrections. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2.) Needless to say, the defendant's national origin is not among them. However, an isolated remark by the trial judge does not mean that this was a factor in the sentencing decision.

■■ The trial court is in the best position to determine the proper

sentence. (*People v. Seals* (1987), 153 Ill. App. 3d 417, 427.) Reliance by the trial court on an improper aggravating factor does not always require a remand for resentencing. Rather, where it can be determined that the weight placed on the improperly considered factor was so insignificant that it did not lead to a greater sentence, remand is not required. *People v. Bourke* (1983), 96 Ill. 2d 327, 332; *People v. Edwards* (1984), 128 Ill. App. 3d 993, 1006-07.

In the instant case, it is clear that the trial court referred to the alleged improper factor "in passing." (See *People v. Edwards* (1984), 128 Ill. App. 3d 993, 1006-07.) The quoted remark was an isolated one, and the court immediately stated, "I don't think it has much bearing here." As in *Bourke*, the court gave primary emphasis to two proper factors in imposing sentence. The first was the lack of veracity of defendant's defense, which the court characterized as "poppycock." It is proper for the court to consider defendant's perceived perjury at trial when sentencing him. (*People v. Moffitt* (1985), 138 Ill. App. 3d 106, 114.) The second factor was that the sentence imposed was necessary to "send a message" that such conduct will not be tolerated. The need to deter others from committing similar crimes is a proper aggravating factor. Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(7).

■ It is obvious from the record that the trial court's isolated remark about defendant's native country played an insignificant role, if any, in the imposition of the nine-year sentence, which is far below the maximum of 30 years. The cases cited by defendant are distinguishable. In *People v. McAndrew* (1968), 96 Ill. App. 2d 441, as opposed to an isolated remark, the appellate court opinion quotes six pages of transcript in which the trial court denigrated defendant's lifestyle. (96 Ill. App. 2d 441, 445-51.) In *People v. McCumber* (1985), 132 Ill. App. 3d 339, 344-45, the court specifically referred at least twice to defendant's three previous abortions in imposing sentence. In *People v. Wallace* (1986), 145 Ill. App. 3d 247, 255, the court stated it "must consider" triple-hearsay evidence of defendant's arrest in South Carolina, which did not result in a conviction. In all three cases, the improper factor obviously played a role in the sentence. Here, it is equally clear that the trial court's single remark was not a factor in imposing the nine-year sentence.

For the foregoing reasons, defendant's conviction and sentence are affirmed.

Affirmed.

REINHARD and DUNN, JJ., concur.