THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HERBERT BOCLAIR, Defendant-Appellant.

First District (3rd Division)   No. 1—88—0238

Opinion filed February 13, 1992.

Edward J. Wong III, of State Appellate Defender's Office, and Herbert Boclair, *pro se*, both of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Walter P. Hehner, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CERDA delivered the opinion of the court:

Following a bench trial, defendant, Herbert Boclair, was convicted of aggravated criminal sexual assault, criminal sexual assault,

and aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14(a)(2), 12—13(a)(2), 12—16(d)), and was sentenced to a maximum prison term of 30 years. On appeal, he has submitted *pro se* briefs in addition to the briefs filed by the State Appellate Defender.

In the briefs filed by the State Appellate Defender, defendant contends that the trial court abused its sentencing discretion because it considered complainant's mental retardation as an aggravating factor, it failed to consider defendant's rehabilitative potential and other mitigating factors, and it restricted defendant's right of allocution. He contends further that the convictions for criminal sexual assault and aggravated criminal sexual abuse must be vacated because they were based upon the same physical act as the conviction for aggravated criminal sexual assault. He requests that we reduce the sentence for aggravated criminal sexual assault or remand for resentencing by a different judge. The State agrees that the conviction for criminal sexual assault should be vacated.

In his *pro se* briefs, defendant asserts a litany of alleged violations of his constitutional rights and contends that he was not proved guilty beyond a reasonable doubt.

On the evening of August 22, 1986, defendant sexually assaulted his mentally retarded deaf-mute 13-year-old grandniece in the basement of his niece's home in the 6700 block of South Damen Avenue in Chicago. There was evidence that complainant's deafness impaired her ability to balance and rendered her incapable of walking downstairs to the basement without assistance.

Three eyewitnesses testified that they saw defendant in the basement with complainant, that his penis was exposed, erect, and wet, that her vaginal area was wet, and that defendant said that complainant's mother would kill him and that he knew that what he had done was wrong. One of the eyewitnesses reached the basement a step or two ahead of the others and actually saw defendant lying on top of complainant. Defendant was standing up when the other two eyewitnesses saw him.

A physician, who examined complainant later that night, discovered a small vaginal tear but no vaginal trauma or laceration. Laboratory tests apparently proved negative for semen.

Defendant testified that he knew that complainant was deaf, mute, and mentally retarded. He denied that he engaged in sexual intercourse with her and claimed that he had been drinking and was in a "dream stage." He testified that he thought that he had "messed with the kids in some way" and claimed that his niece told him that his brother had fondled complainant. He fled Chicago and was subse-

quently apprehended in St. Louis, Missouri. He admitted that when he was captured he did not tell the police that his niece said that his brother had fondled complainant.

During the sentencing hearing, the assistant State's Attorney argued in aggravation that defendant had prior convictions in 1957 and 1958 and had served prison sentences for armed robbery, burglary, and robbery. The presentence investigation report (PSI) failed to disclose defendant's criminal history because the relevant records apparently had not arrived in time from St. Louis, Missouri. The assistant State's Attorney requested that the trial court sentence defendant to an extended term.

Defense counsel argued in mitigation that defendant was 55 years old and a widower with five children. (Defendant testified at trial that he had six children.) Defense counsel argued further that defendant had dropped out of school in the tenth grade to join the United States Air Force and that he was honorably discharged four years later. Defense counsel observed that defendant was a self-employed contractor, that he had abused alcohol for over 30 years, and that he was experiencing health problems attributable to his alcohol abuse.

The trial court asked defendant whether he had anything to say. Defendant responded that he felt that he was not properly represented. The trial court disagreed and stated that defendant was well represented. Defendant then stated that the case did not make sense to him because he had always had sexual partners. The PSI discloses that defendant boasted about his promiscuous behavior. The trial court asked defendant why he had bothered a mentally retarded person. Defendant said, "Your Honor," and the trial court interrupted him and stated, "I don't even want to talk to you." The trial court then sentenced defendant to 30 years in prison and told him, "Get out of here."

●1 The first issue on appeal is whether the trial court erred in considering complainant's mental and physical disabilities as an aggravating factor for sentencing purposes. Defendant contends that the trial court should not have considered complainant's disabilities during sentencing because her disabilities were an implicit element of criminal sexual assault, which was based upon her inability to understand the nature of his conduct. (Ill. Rev. Stat. 1985, ch. 38, par. 12–13(a)(2).) Criminal sexual assault is a Class 1 felony with a statutory sentencing range of not less than 4 years' and not more than 15 years' imprisonment. (Ill. Rev. Stat. 1985, ch. 38, pars. 12–13(b), 1005–8–1(a)(4).) In the case at bar, defendant was not sentenced for criminal sexual assault. Rather, he was sentenced to a maximum 30-

year prison term for the Class X felony of aggravated criminal sexual assault. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14(a)(2), (c), 1005—8—1(a)(3).) Complainant's inability to understand the nature of defendant's conduct was not an element of aggravated criminal sexual assault. The relevant elements of aggravated criminal sexual assault were defendant's use of force, his threat of force, and his infliction of bodily harm. Because complainant's disabilities were not an element of aggravated criminal sexual assault, the trial court did not abuse its discretion in considering those disabilities as aggravating circumstances.

■ The next issue is whether the trial court erroneously failed to consider defendant's rehabilitative potential and other mitigating factors. The Illinois Constitution provides in part that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, §11.) The trial court is vested with considerable discretion in imposing a sentence, and a sentence consequently will not be modified on appeal in the absence of an abuse of that discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882.) A sentence is presumed to be proper. (*People v. Jenkins* (1984), 128 Ill. App. 3d 853, 857, 471 N.E.2d 647.) The presumption may be rebutted only by an affirmative showing that the sentence imposed greatly departs from the spirit and purpose of the law or is manifestly contrary to constitutional guidelines. *People v. Murphy* (1978), 72 Ill. 2d 421, 439, 381 N.E.2d 677.

The spirit and purpose of the law are promoted " 'when a sentence reflects the seriousness of the offense and gives adequate consideration to the rehabilitative potential of the defendant.' " (*People v. Murphy*, 72 Ill. 2d at 439, quoting *People v. Heflin* (1978), 71 Ill. 2d 525, 545, 376 N.E.2d 1367.) The trial court generally is the proper forum for determining a suitable sentence, and its sentencing decisions are entitled to great deference and weight. (*People v. James* (1987), 118 Ill. 2d 214, 228, 514 N.E.2d 998.) A court of review will not substitute its judgment for that of the trial court. (*People v. James*, 118 Ill. 2d at 228.) The trial judge is not required "to detail for the record the process by which he concluded that the penalty he imposed was appropriate." (*People v. La Pointe* (1981), 88 Ill. 2d 482, 493, 431 N.E.2d 344.) Similarly, the trial court is not required to articulate its consideration of mitigating factors (see *People v. Baker* (1983), 114 Ill. App. 3d 803, 811, 448 N.E.2d 631) or to make an express finding that the defendant lacked rehabilitative potential (*People v. Gallardo* (1983), 112 Ill. App. 3d 764, 776, 445 N.E.2d 1213). Nor is the trial

court required to accord greater weight to defendant's potential for rehabilitation than to the seriousness of the crime. *People v. Shumate* (1981), 94 Ill. App. 3d 478, 485, 419 N.E.2d 36; *People v. Hayes* (1979), 70 Ill. App. 3d 811, 831, 388 N.E.2d 818.

The statutory penalty range for aggravated criminal sexual assault, a Class X felony (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(c)), is from 6 to 30 years' imprisonment. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3).) Defendant's 30-year sentence was the maximum penalty. During the sentencing proceedings, the trial court considered the serious circumstances of the case. Defendant sexually assaulted his 13-year-old grandniece in a basement. He admitted that he knew that she was deaf, mute, and mentally retarded. Furthermore, she was unable to walk unassisted to the basement, and the trial court consequently could have concluded that defendant physically moved her to the basement in order to molest her. Not only did defendant fail to express remorse, but the PSI indicates that he boasted of his promiscuity with other women.

Furthermore, the trial court heard the arguments of counsel in aggravation concerning defendant's criminal history and in mitigation concerning his personal background. When defendant testified at trial, he denied that he had committed the crime and attempted to implicate one of his brothers. The trial court noted defendant's denial and was entitled to consider defendant's perceived perjury when sentencing him. See *People v. Meeks* (1980), 81 Ill. 2d 524, 536, 411 N.E.2d 9; *People v. Sansorez* (1987), 156 Ill. App. 3d 986, 988, 510 N.E.2d 150.

Defendant relies upon *People v. Harris* (1989), 187 Ill. App. 3d 832, 844-45, 543 N.E.2d 859. The defendant there was a 39-year-old financially responsible maintenance worker with no prior felony convictions who committed an act of sexual penetration upon a child by inserting his finger into her vagina. He was sentenced to 25 years in prison by the trial court. On review, the 25-year sentence was found to be excessive.

We find that there was no abuse of discretion by the trial court in this case in sentencing defendant to 30 years' imprisonment.

■ The next issue is whether the trial court's restriction of defendant's allocution was reversible error. Section 5—4—1(a)(5) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(a)(5)) provides that the trial court shall afford defendant an opportunity to make a statement at the sentencing hearing. But the trial court's failure to invite allocution is a technical error that can be harmless. (See *People v. Lewis* (1988), 175 Ill. App. 3d 156,

163, 529 N.E.2d 752; *People v. Spiler* (1975), 28 Ill. App. 3d 178, 182, 328 N.E.2d 201.) Defense counsel had ample opportunity to present mitigating arguments on defendant's behalf during the sentencing hearing. Given these circumstances, we are satisfied that any error regarding allocution was harmless.

■ Next, defendant contends that all three convictions were based upon the same physical act and that therefore the convictions for criminal sexual assault and aggravated criminal sexual abuse must be vacated. He contends further that the remaining conviction must be remanded for resentencing by a different judge. The State concedes that the conviction for criminal sexual assault must be vacated, but contends that the conviction for aggravated criminal sexual abuse must be upheld because it was predicated upon defendant's ejaculation on complainant, which was an act separate and distinct from the act of sexual penetration, which was the basis for the aggravated criminal sexual assault conviction. The State contends that defendant should have been sentenced to a maximum seven-year prison term for aggravated criminal sexual abuse, a Class 2 felony. Ill. Rev. Stat. 1985, ch. 38, pars. 12—16(e), 1005—8—1(a)(5).

Under *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, multiple convictions and concurrent sentences cannot be "carved from the same physical act." Factors to be considered in determining whether defendant's conduct constituted a single physical act or several separate and distinct acts are: (1) prosecutorial intent, as reflected in the language of the indictment; (2) the existence of an intervening act; (3) the time interval between successive parts of defendant's conduct; (4) the victim's identity; (5) the similarity of the acts; and (6) the location of the acts. *People v. Ellis* (1986), 143 Ill. App. 3d 892, 895-96, 493 N.E.2d 739.

Application of the above factors to the instant case demonstrates that defendant's conduct constituted a single physical act. All three counts of the indictment charged defendant with offenses based upon contact between defendant's penis and complainant's vagina. Unlike *People v. Segara* (1988), 126 Ill. 2d 70, 533 N.E.2d 802, which was cited by the State and which involved an act of fellatio in addition to an act of vaginal penetration, the case at bar involved solely an act of vaginal penetration. There was no evidence of fellatio. Furthermore, defendant committed the crime upon one victim at a single time and place. There was no evidence of any intervening act. Given these circumstances, we believe that the convictions for aggravated criminal sexual abuse and criminal sexual assault were carved from the same physical act as the conviction for aggravated criminal sexual assault.

Therefore, the convictions for criminal sexual assault and aggravated criminal sexual abuse must be vacated. There is, however, no evidence in the record to suggest that those convictions influenced the trial court in imposing the sentence for aggravated criminal sexual assault. To the contrary, the trial court considered the circumstances of the crime, the PSI, and the arguments of counsel. Therefore, we decline to remand the aggravated criminal sexual assault conviction for re-sentencing.

■ Finally, defendant's *pro se* briefs contain a number of assertions. The tenor of the briefs is best exemplified by their disclaimer that they were prepared by a "self-proclaimed Idiot Jailhouse Lawyer." Not only are the briefs replete with sarcastic assertions describing defendant's trial as a "thing performed like a bench trial," a "Star Chamber," and a "burlesque," describing the charges as a "soap opera," and describing defendant's trial attorney as "no more effective than a bottomless boat," but they also are replete with assertions that are squarely belied by the record. For example, defendant contends that he was deprived of grand jury proceedings, an indictment, and effective assistance of trial counsel. The record clearly negates these assertions. Moreover, defendant contradicts his own claim that he received ineffective assistance of trial counsel by acknowledging in his *pro se* materials that his trial attorney filed a motion for a new trial to enable the trial court "to clean up its acts of misconduct."

■ We reject further defendant's assertion that he was not proved guilty beyond a reasonable doubt. Three eyewitnesses discovered him in the basement with complainant. All three testified that his penis was wet and erect, and one testified that she actually saw him lying on top of complainant. There was corroborative medical evidence. Defendant made incriminating remarks, and his flight to St. Louis also was inculpatory. (See *People v. Price* (1987), 158 Ill. App. 3d 921, 927, 511 N.E.2d 958; *People v. Donald* (1971), 132 Ill. App. 2d 598, 600, 270 N.E.2d 85.) Defendant attacks complainant's failure to testify as a violation of the sixth amendment right to confront witnesses, but the State was not required to have complainant testify. (See *People v. Nowak* (1970), 45 Ill. 2d 158, 168, 258 N.E.2d 313 (State need not call all of the witnesses to a crime in proving its case).) Given the overwhelming evidence of defendant's guilt, we are satisfied that he was proved guilty beyond a reasonable doubt.

For similar reasons, we reject his contention that he was denied effective assistance of counsel. Given the overwhelming evidence of his guilt, the outcome of the trial could not have been changed.

Finally, nothing in the record supports defendant's assertions that the St. Louis police illegally arrested him, that the trial court was not impartial or that he is being illegally detained.

The conviction for aggravated criminal sexual assault is affirmed and the sentence of 30 years' imprisonment is affirmed. The convictions for criminal sexual assault and aggravated criminal sexual abuse are vacated.

Judgment affirmed as modified and vacated in part.

GREIMAN, P.J., and TULLY,* J., concur.

---

*Justice White heard oral arguments prior to his retirement. Justice Freeman heard oral arguments prior to his election to the Illinois Supreme Court. Justice Tully and Justice Greiman concurred with the decision after reviewing the briefs and the record.