THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD L. WATKINS, Defendant-Appellant.

Second District Nos. 2—00—0643, 2—00—0644 cons.

Opinion filed October 10, 2001.—Rehearing denied October 19, 2001.

G. Joseph Weller and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Peter N. Stein, of Lincolnshire, for the People.

JUSTICE BYRNE delivered the opinion of the court:

Pursuant to a plea negotiation, defendant, Ronald L. Watkins, pleaded guilty to one count of retail theft (720 ILCS 5/16A—10(a) (West 1998)) in case No. 98—CF—1246 ('98 offense) and to one count of retail theft in case No. 99—CF—749 ('99 offense). Defendant was sentenced to two consecutive three-year terms of imprisonment. Thereafter, defendant filed motions to vacate the pleas and to reconsider the sentences, which were subsequently denied. Defendant contends on appeal that the sentences (1) are improperly enhanced; (2) violate *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); and (3) are excessive. We affirm.

## BACKGROUND

The relevant facts may be briefly stated. In 1998, defendant was charged by indictment with retail theft for allegedly stealing merchandise valued at $22.98 from a Sears store. In 1999, while out on bond for the '98 offense, defendant was indicted with, *inter alia*, retail theft for stealing merchandise totaling less than $150 from a Dominicks store.

Defendant pleaded guilty to both offenses at one hearing. During the factual basis hearing for both the '98 and '99 offenses, the State introduced, without objection, a prior '93 conviction as the basis for enhancing each respective retail theft charge to a Class 4 felony. The court informed defendant that both cases were Class 4 felonies, punishable by terms of imprisonment of one to three years and a one-year period of mandatory supervised release. Defendant indicated that he understood the charges and possible penalties. The State noted that, because the '99 offense was committed while defendant was out on bond for the '98 offense, it was mandatory that the sentences be served consecutively. After the court explained the differences between sentences and admonished that consecutive sentences were required, defendant indicated that he was still willing to plead guilty to both offenses. Thereafter, the court noted that defendant had signed a jury waiver in open court, that the pleas were being entered into freely and voluntarily, and that there was a factual basis for accepting the pleas. The court then entered findings of guilt and judgments of conviction on both offenses.

Evidence presented at the sentencing hearing indicated that the 45-year-old defendant had an extensive criminal history, consisting mostly of retail thefts and thefts. In addition, defendant had a hearing impairment and had used cocaine or heroin "on an almost daily basis" since the age of 17. The court noted that it considered defendant's statement, the nonviolent nature of the crimes, defendant's acknowledgment of guilt, and his recent efforts to address his drug problem. The court also considered defendant's "history and character," as well as "his current status." The court found that it was indisputable that defendant was a drug addict and that there was a relationship between defendant's addiction and the crimes he committed. However, after considering the testimony of defendant and the Treatment Alternatives for Safe Communities (TASC) report, the court believed that there was no likelihood that defendant could be rehabilitated. The court concluded that a period of incarceration was necessary to protect the public and that probation would be inconsistent with the ends of justice and would deprecate the seriousness of defendant's conduct. The court sentenced defendant to two three-year terms of imprisonment "to run consecutively."

On January 13, 2000, defendant filed *pro se* motions to withdraw his pleas. On April 19, 2000, new defense counsel filed a superceding motion to withdraw the plea under the '99 offense and also filed Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) certificates and motions to reconsider the sentences under both cases.

The trial court denied the motion to withdraw the plea, finding

that defendant was properly admonished, that his plea was made freely and voluntarily, and that he understood the consequences of his plea. The trial court also denied the motions to reconsider the sentences following a hearing on the motions.

We note that defendant was sentenced for both offenses on December 17, 1999. On January 13, 2000, defendant filed timely *pro se* motions to withdraw his pleas. Although the motions to vacate were filed within 30 days of sentencing, the motions to reduce the sentences were not filed until April 19, 2000, beyond the 30-day time limit set forth under Supreme Court Rule 604(d). However, neither the trial court nor the State complained of the untimeliness of the motions to reduce the sentences, and a full hearing was conducted on the motions. We agree with defendant that the revestment doctrine allows the parties to revest a court with jurisdiction when the parties "actively participate in proceedings which are inconsistent with the merits of the prior judgment." *People v. Hubbard*, 170 Ill. App. 3d 572, 576 (1988). The State does not challenge the trial court's jurisdiction. We therefore conclude that the trial court had jurisdiction to consider defendant's motions. Because defendant filed his notices of appeal within 30 days from the date of the denial of the motions, his appeals are timely. We consolidated the '98 and '99 cases on appeal.

## ANALYSIS

### I. Double Enhancement

On appeal, defendant challenges only his sentences. He first contends that the trial court's imposition of consecutive sentences was the result of improper double enhancement. The State responds that defendant has waived this issue by failing to raise it during the sentencing hearing or in the motion to reconsider the sentences. Defendant does not dispute that he failed to raise this issue below. Therefore the issue ordinarily would be deemed waived. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, defendant argues that we should address the issue as plain error pursuant to Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)) because the error is so fundamental that it could result in an illegal sentence. We agree with defendant and will therefore review the issue under the plain error rule.

On the merits, defendant argues that the trial court improperly used the '93 conviction twice to enhance both the '98 and the '99 retail theft offenses to felonies and then improperly used the '93 conviction to impose consecutive sentences. Defendant reasons that his "status as a felon" was used twice to "upgrade" his crimes from misdemeanors to felonies, and then used again to "enhance" his sentences to consecutive sentences. In other words, defendant reasons

that, because he committed the '99 offense, now classified as a felony, while he was on pretrial release from the '98 felony, consecutive sentences were mandated. According to defendant, this constituted an impermissible "double enhancement" and the reversal of his sentences is required. We disagree.

■ This case revolves around the application of the retail theft and consecutive sentencing statutes. Because it involves only a pure question of law, our review is *de novo*. See *People v. Wright*, 183 Ill. 2d 16, 21 (1998); *People v. Becker*, 315 Ill. App. 3d 980, 994 (2000).

■ The offenses of which defendant was convicted, felony retail thefts, are Class 4 felonies. Section 16A—10 of the Criminal Code of 1961, provides:

"(1) Retail theft of property, the full retail value of which does not exceed $150, is a Class A misdemeanor.

(2) A person who has been convicted of retail theft of property, the full retail value of which does not exceed $150, and who has been previously convicted of any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools or home invasion is guilty of a Class 4 felony." 720 ILCS 5/16A—10 (West 1998).

During the factual basis hearing, the State introduced the same prior '93 conviction as the basis for upgrading both the '98 and '99 retail theft charges from misdemeanors to Class 4 felonies. The requirements for enhancing Class A misdemeanor retail thefts to Class 4 felonies were present in both the '98 and '99 offenses.

■ Moreover, it is undisputed that defendant committed the '99 offense while out on bond for the '98 felony. Mandatory consecutive sentences are required when a person charged with a felony commits a separate felony while on pretrial release. 730 ILCS 5/5—8—4(h) (West 1998). All of the requirements for the enhancement of the offenses and the imposition of consecutive sentences were therefore fulfilled in each case. Nevertheless, defendant challenges the application of the '93 conviction on the ground that it constitutes improper double enhancement.

■ Improper double enhancement occurs when the court uses a single factor both as an element of a defendant's crime and as an aggravating factor to justify the imposition of a harsher sentence than might otherwise have been imposed. *People v. Gonzalez*, 151 Ill. 2d 79, 83-84 (1992). The legislature prescribes the sentencing range for an offense by putting the offense into a specific class, such as a Class A misdemeanor or a Class 4 felony, and then designating the sentences that may be imposed for each class of offenses. Accordingly, if one of those same factors that make up the offense is used as the basis for

imposing a harsher penalty than might otherwise be imposed, it constitutes a double use of a single factor. *Gonzalez*, 151 Il. 2d at 84.

For example, in *People v. Hobbs*, 86 Ill. 2d 242, 245-46 (1981), a case upon which defendant relies, an improper double enhancement occurred when the same prior conviction was applied to enhance the offense from a misdemeanor to a felony and then the same prior conviction was used again to impose an extended-term sentence on the same charge. However, in *People v. Hicks*, 164 Ill. 2d 218, 235 (1995), the court found no double enhancement occurred because one prior conviction was used to enhance the classification of the offense and another separate prior conviction was used to increase the length of the defendant's prison term.

Defendant argues that the trial court could not use the '93 conviction twice, once to enhance the '98 offense and then a second time to enhance the '99 offense. Defendant appears to base this assertion on the unsound assumption that the '98 and '99 offenses are but one case. This argument lacks merit. There is nothing in section 16A—10(2) (720 ILCS 5/16A—10(2) (West 1998)) to suggest that the legislature intended to preclude using the same prior conviction to enhance two subsequent, separate, and factually distinct misdemeanors to felonies. In cases where there are separate trials resulting in separate convictions arising out of distinct factual situations, the trial court can properly impose extended sentences based upon the same prior felony conviction. See, *e.g.*, *People v. Berry*, 175 Ill. App. 3d 420, 430 (1988). Similarly, we see no reason to prevent the court from using the same prior conviction to enhance two subsequent offenses that arose from distinct factual situations. To read such a limitation into the statute would undermine the purpose of punishing recidivists more severely. See *People v. Hall*, 145 Ill. App. 3d 873, 879 (1986).

Furthermore, clearly no single factor was used both to establish the elements of defendant's crimes and to lengthen the sentences. First, defendant's sentences were not lengthened. In this case, defendant was sentenced to consecutive sentences. We agree with the State that a qualitative difference exists between extended-term sentences and consecutive sentences. By definition, extended-term sentences require the consideration of statutorily determined factors in aggravation to increase the *length* of a defendant's sentence in excess of the maximum authorized. 730 ILCS 5/5—8—2 (West 1998). In *Hobbs*, the issue of double enhancement concerned the application of a former conviction with respect to extended-term sentences. It was the enhancement of both the class of the offense and of the length of the sentence by a single factor that resulted in improper double enhancement. By definition, consecutive sentences do not lengthen a sentence;

rather, they involve the manner in which a defendant's sentences shall be served. 730 ILCS 5/5—8—4(a) (West 1998); see also *People v. Wendt*, 163 Ill. 2d 346, 355 (1994) (imposition of consecutive sentences does not constitute increase in penalty). Moreover, it is a well-settled rule in this state that sentences that run consecutively to each other are not transmuted thereby into a single sentence. *Thomas v. Greer*, 143 Ill. 2d 271, 278-79 (1991). Our supreme court in *People v. Wagener*, 196 Ill. 2d 269 (2001), recently distinguished extended-term sentences from consecutive sentences. The court reasoned that *Apprendi* concerns are not raised unless the maximum penalty for a crime is increased, as in extended-term sentences, and since consecutive sentences remain distinct and separate sentences, none of the penalties for any individual crime has been increased. *Wagener*, 196 Ill. 2d at 284. Because the imposition of consecutive sentences does not constitute an increase in penalty, a single factor used to establish the elements of an offense cannot be used to double the enhancement where the trial court imposes consecutive sentences.

Additionally, once the trial court determined that it was proper to enhance the '98 and '99 offenses on the basis of the '93 conviction, it no longer needed to consider the prior conviction for the purpose of imposing consecutive sentences. It is undisputed that defendant committed a separate felony while on pretrial release for the '98 offense. Because defendant committed a separate felony in 1999 while out on bond for another felony, the trial court was required to impose consecutive sentences pursuant to section 5—8—4(h) of the Unified Code of Corrections (730 ILCS 5/5—8—4(h) (West 1998)). Thus, regardless of whether consecutive sentences constituted an "extended term" of imprisonment for "double enhancement" purposes, it is clear that no single factor was used to enhance the offense and then used again to impose an enhanced sentence. Accordingly, no double use of a single factor occurred, and thus, no impermissible double enhancement resulted.

## II. *Apprendi v. New Jersey*

Defendant next contends that the consecutive sentences must be vacated because section 5—8—4(h) is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Our supreme court recently rejected a similar argument in *Wagener*.

In *Wagener*, the defendant was convicted of first-degree murder and concealment of a homicidal death and was sentenced to consecutive terms of 50 years' imprisonment for murder and 5 years' imprisonment for concealment of a homicidal death. The consecutive

sentences were imposed pursuant to section 5—8—4(b) (730 ILCS 5/5—8—4(h) (West 1998)). The court held that, because consecutive sentences remain discrete, a determination that sentences are to be served consecutively cannot run afoul of *Apprendi*, which addresses only sentences for individual crimes. *Wagener*, 196 Ill. 2d at 286. Since *Apprendi* concerns are not implicated by consecutive sentencing, the *Wagener* court held that section 5—8—4(b) passes constitutional muster. *Wagener*, 196 Ill. 2d at 286.

Although the parties disagree over whether defendant was sentenced under section 5—8—4(b) or section 5—8—4(h), in either case, the same reasoning addressed by the court in *Wagener* applies here; the imposition of consecutive sentences does not violate *Apprendi*. See also *People v. Carney*, 196 Ill. 2d 518, 526 (2001) (consecutive sentences imposed under section 5—8—4(a) do not violate *Apprendi*). We therefore reject defendant's argument.

### III. Excessive Sentences

Defendant last argues that the trial court abused its discretion in imposing an excessive aggregate sentence of six years' imprisonment. In particular, defendant claims that the trial court failed to (1) consider his rehabilitative potential; (2) note on the record, as a factor in mitigation, the impact of incarceration on his already deteriorated health; (3) consider the probation officer's recommendations; or (4) consider his medical status.

The trial court need not recite and assign a value to each factor in aggravation and mitigation that was considered. *People v. Grisset*, 288 Ill. App. 3d 620, 635 (1997). Absent some showing to the contrary, when factors in mitigation are presented and argued to the sentencing judge, they are presumed to have been considered.

The trial court was not required to articulate its consideration of mitigating factors or to make an express finding that defendant lacked rehabilitative potential. See *People v. Boclair*, 225 Ill. App. 3d 331, 335-36 (1992). Moreover, the trial court was not required to accord any greater weight to defendant's potential for rehabilitation as opposed to the solemnity of his crimes. See *Boclair*, 225 Ill. App. 3d at 335-36.

It is well established that a trial court's sentencing decision is entitled to great deference. *People v. Coleman*, 166 Ill. 2d 247, 258 (1995). We will not substitute our judgment for that of the sentencing judge simply because we might have balanced the sentencing factors differently. See *People v. Didier*, 306 Ill. App. 3d 803, 808 (1999). Here, the record demonstrates that the trial court reviewed the presentence report, considered all of the proper aggravating and mitigating factors,

and contemplated defendant's personal statement, which detailed his health problems. Considering defendant's long criminal history, failed attempts at drug rehabilitation, including the fact that defendant was not a good candidate for rehabilitation, and that defendant committed another felony while free on bond for a previous felony charge, we find no abuse of discretion in imposing the aggregate sentence of six years' imprisonment.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and BOWMAN, JJ., concur.