NOTICE
Decision filed 06/26/17. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2017 IL App (5th) 140427

NO. 5-14-0427

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 13-CF-602 |
| | ) | |
| RANDY ETHERTON, | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Chapman and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Randy Etherton, appeals from a final judgment of conviction of a single count of residential burglary, a Class 1 felony. 720 ILCS 5/19-3(a) (West 2012). He was sentenced as a Class X offender due to his prior criminal convictions, which carries a sentencing range of 6 to 30 years. 730 ILCS 5/5-4.5-25(a) (West 2012). Defendant was sentenced to 20 years in the Illinois Department of Corrections and was ordered to serve 3 years mandatory supervised release.

¶ 2     On appeal, defendant argues the abuse of discretion standard employed by Illinois courts in reviewing the imposition of a sentence should be abandoned because it is inconsistent with the Illinois Constitution, Illinois Supreme Court Rule 615(b), and the Unified Code of Corrections

1

(Code) (730 ILCS 5/1-1-1 *et seq.* (West 2012)). Defendant argues the gravity of determining the proper sentence to be imposed is incongruent with such a narrow standard of review. Alternatively, if this court does not abandon the abuse of discretion standard, defendant alleges the trial court abused its discretion by imposing a 20-year sentence for residential burglary. Defendant contends his sentence was excessive in light of the nature of the offense and the mitigating evidence presented.

¶ 3    Since we are bound by the abuse of discretion standard employed in reviewing the imposition of a sentence and find no abuse of discretion in the court's 20-year sentence, we affirm. *Wreglesworth v. Arctco, Inc.*, 316 Ill. App. 3d 1023, 1030 (2000) (the appellate court is bound by the principle of *stare decisis* and, therefore, must adhere to the decisions of our supreme court). However, we encourage our supreme court to revisit the concept discussed in the dissent of *People v. Perruquet*, 68 Ill. 2d 149 (1977), which is that sentences be reviewed not solely for an abuse of discretion but also for whether the trial court followed the constitutional and statutory guidelines.

¶ 4                                     BACKGROUND

¶ 5    On December 11, 2013, deputies with the Jackson County sheriff's department were dispatched to 374 Pomona Road in Pomona, Illinois, to investigate a report of burglary. Upon arrival, the officers met with Katherine Fox, the resident of that location. Fox informed the officers that upon her arrival home from visiting her sister in Cape Girardeau, Missouri, she observed a truck towards the end of her driveway, which was stuck in the snow. Fox also observed two other vehicles in the area assisting the truck. Fox provided vehicle descriptions to the officers.

¶ 6    Fox stated that as she approached her residence, she discovered the front door had been forced open. Fox ultimately discovered jewelry items were missing from her residence. The Marion police department subsequently located defendant's vehicle and conducted a traffic stop. Defendant was identified as the driver of the truck that was stuck in Fox's driveway, and a passenger was identified as James Webb. Defendant's vehicle was searched, and a large number of jewelry items were discovered in defendant's vehicle. Fox later identified these jewelry items as the items that were missing from her residence and also identified a Dremel tool that had been stolen from her residence. Further, police discovered footwear impressions in the snow near Fox's residence that were determined to be consistent with the tread pattern of defendant's boots.

¶ 7    Following a jury trial held on April 2, 2014, defendant was convicted of residential burglary, a Class 1 felony. 720 ILCS 5/19-3(a) (West 2012). Defendant was 34 years old at the time the offense was committed. Due to his prior criminal convictions, defendant faced a Class X sentencing range of 6 to 30 years. 730 ILCS 5/5-4.5-95(b) (West 2012).

¶ 8    Defendant's sentencing hearing was held on July 2, 2014, where defendant called two witnesses to testify in mitigation. The first witness called was defendant's mother, Pam Ellis, who testified that defendant has a teenage daughter whom he had grown close to after his release from federal custody (defendant was in federal custody from 2003 to 2012 as a result of pleading guilty to conspiracy to manufacture more than 50 grams of methamphetamine). Ellis further testified that defendant helped her around the house and that she needed defendant in her life. The second witness called was defendant's fiancée, Michelle Rice, who testified defendant had been living with her and her five children for a couple months prior to the offense. Rice testified defendant cared for her children as if they were his own and stated defendant's incarceration

would have a difficult impact on her family. Rice testified defendant was a good person who helped her financially.

¶ 9    Defendant also made a statement on his own behalf. Defendant stated the greatest lesson he learned from this incident is the "consequences and association with those still living in a criminal lifestyle." Defendant stated he was in the process of changing his lifestyle and was "being looked at differently as a hard worker, provider, father." Defendant requested that the court consider his family and his achievements to change his life for the better, which included his attendance of a substance abuse treatment program, his recent engagement, and his procurement of a job and driver's license.

¶ 10    The State recommended the court impose a sentence of 26 years and asked that the court consider defendant's criminal history and the need to deter others from committing crime. Defendant's counsel requested that defendant not receive the maximum sentence or the State's recommendation and asserted several factors in mitigation: (1) defendant did not threaten or cause physical harm to a person, (2) no person was present at the home when the offense was committed, and (3) there was no weapon used by defendant. In sentencing defendant, the trial court noted defendant's lengthy criminal history. Specifically, the court stated:

"I don't get it. What don't I get? I don't get you. You have good people. I've got letters here all saying what a wonderful guy you are, that you take care of them, you provide for them. That's like a Dr. Jekyll and Mr. Hyde. There's obviously a good side to you, but let's look at the other side. I'm just dealing with the heavy duty stuff. Residential burglary in '88. While you're on probation for that, another one in '92. Attempted residential burglary in 2000. A burglary in '90, a burglary in '96, a burglary in '99, a theft in '91, a theft in '98. June 2003, you catch 235 months for conspiracy to manufacture

4

methamphetamine. You're obviously not getting it. While you're out released from federal custody, apparently you're driving while your license is suspended, you have another possession of meth, and a residential burglary which I presume is this case. Nothing has worked in 20 years. Well actually 16 years, I guess it is. Nothing. And you've got good people behind you, which is why I say I don't get it."

¶ 11    The court sentenced defendant to 20 years in the Illinois Department of Corrections with 3 years' mandatory supervised release, noting defendant had not changed. Defendant was awarded credit for time served awaiting sentencing.

¶ 12    Defendant filed a motion to reconsider sentence on July 29, 2014, which the trial court denied. This appeal followed.

¶ 13                                    ANALYSIS

¶ 14    Defendant's first argument concerns the abuse of discretion standard of review employed by Illinois courts in reviewing the imposition of a sentence.

¶ 15    Illinois courts have long recognized that the imposition of a sentence is left to the sound discretion of the trial court and will not be altered upon review absent an abuse of that discretion. *Perruquet*, 68 Ill. 2d at 154; *People v. Diestelhorst*, 344 Ill. App. 3d 1172, 1190 (5th Dist. 2003). The abuse of discretion standard has been viewed as the most deferential standard of review available with the exception of no review at all. *People v. Coleman*, 183 Ill. 2d 366, 387 (1998). The trial court's imposition of a sentence is given great deference because the trial court is in the best position to consider the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Diestelhorst*, 344 Ill. App. 3d at 1190.

¶ 16    Defendant recognizes that the doctrine of *stare decisis* requires courts to follow the decisions of higher courts but does not bind courts to follow decisions of equal or inferior courts.

5

*O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008). In other words, a question which has previously been deliberately examined and decided should be considered as settled and closed to further argument so that the law will not change erratically but will develop in a principled, intelligible fashion. *People v. Colon*, 225 Ill. 2d 125, 146 (2007).

¶ 17　Despite the long recognized application of the abuse of discretion standard for reviewing sentences in Illinois, defendant argues it should nevertheless be abandoned because (1) it is inconsistent with the plain language of section 11 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), Illinois Supreme Court Rule 615(b), and the Code and (2) the gravity of determining the proper sentence to be imposed is incongruent with such a narrow standard of review generally reserved to the trial court. Defendant argues the abuse of discretion standard of review should be altered to a standard which grants reviewing courts the flexibility to depart from a trial court's judgment if it finds a lesser sentence would better serve the constitutional command of section 11 of article I of the Illinois Constitution. Ill. Const. 1970, art. I, § 11. With these assertions in mind, defendant argues his sentence should be reduced because it does not comport with constitutional and statutory guidelines. We address defendant's contentions in turn.

¶ 18　The Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11; *Perruquet*, 68 Ill. 2d at 154-55. One of the purposes of the Code is to implement this constitutional provision. *Perruquet*, 68 Ill. 2d at 158 (Goldenhersh, J., dissenting, joined by Dooley, J.). Supreme Court Rule 615(b) grants reviewing courts the power to reduce the sentence imposed by the trial court. Ill. S. Ct. R. 615(b)(4); *Perruquet*, 68 Ill.

2d at 153. However, that power should be exercised cautiously and sparingly. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010); *Diestelhorst*, 344 Ill. App. 3d at 1190.

¶ 19 Defendant relies on the dissent in our supreme court decision, *People v. Perruquet*, 68 Ill. 2d 149 (1977), in support of his proposition that the abuse of discretion standard should be abandoned. In *Perruquet*, the defendant argued that a reviewing court may reduce a sentence absent a finding of an abuse of discretion. *Perruquet*, 68 Ill. 2d at 154. In reviewing this claim, our supreme court noted the trial court is normally the proper forum in which a suitable sentence is to be determined, and the trial court's decisions regarding sentencing are entitled to great deference and weight. *Perruquet*, 68 Ill. 2d at 154. For these reasons, our supreme court reaffirmed its "long-standing rule that absent an abuse of discretion by the trial court a sentence may not be altered upon review." *Perruquet*, 68 Ill. 2d at 154.

¶ 20 In the *Perruquet* dissent, Justice Goldenhersh noted that the majority recognized the proportionate penalties clause of the Illinois Constitution, which again provides "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11; *Perruquet*, 68 Ill. 2d at 157 (Goldenhersh, J., dissenting, joined by Dooley, J.). Justice Goldenhersh found it was impossible to reconcile the constitutional and statutory provisions of this clause with the requirement that a reviewing court limit its inquiry regarding the propriety of a sentence to the narrow question of whether the trial court, in imposing its sentence, abused its discretion. *Perruquet*, 68 Ill. 2d at 158 (Goldenhersh, J., dissenting, joined by Dooley, J.). Justice Goldenhersh further stated that to review a sentence solely by an abuse of discretion vests the trial court with "virtually unlimited discretion in imposing them." *Perruquet*, 68 Ill. 2d at 158 (Goldenhersh, J., dissenting, joined by Dooley, J.). To resolve this quandary, Justice

7

Goldenhersh concluded sentences should "be reviewed not solely to determine whether there has been an abuse of discretion but whether the circuit court followed the constitutional and statutory guidelines." *Perruquet*, 68 Ill. 2d at 158 (Goldenhersh, J., dissenting, joined by Dooley, J.).

¶ 21 After careful consideration, we decline to abandon our supreme court's application of the abuse of discretion standard in reviewing sentences. Our supreme court has extensively considered the propriety of using the abuse of discretion standard in reviewing sentences and has repeatedly upheld the use of this standard. As an appellate court, we are bound to follow the decisions of our supreme court and have no authority to overrule them. *Rickey v. Chicago Transit Authority*, 98 Ill. 2d 546, 551 (1983). Accordingly, we must reject defendant's argument.

¶ 22 We further find that defendant's reliance on the dissent in *Perruquet* is misplaced. Justice Goldenhersh's dissent does not stand for the proposition that the abuse of discretion standard should be abandoned. Rather, Justice Goldenhersh contends sentences should be reviewed to determine whether the trial court followed the constitutional and statutory guidelines in addition to whether the court abused its discretion. *Perruquet*, 68 Ill. 2d at 158 (Goldenhersh, J., dissenting, joined by Dooley, J.). This concept would essentially expand the standard of review employed in sentencing, not abandon the abuse of discretion standard. Because it has not been addressed for a considerable period of time, we encourage our supreme court to revisit the concept discussed in the dissent of *Perruquet*, namely that sentences be reviewed not solely to determine whether there has been an abuse of discretion but also whether the trial court followed the constitutional and statutory guidelines. Ill. Const. 1970, art. I, § 11 ("[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship"); *Perruquet*, 68 Ill. 2d at 158 (Goldenhersh, J., dissenting, joined by Dooley, J.). This constitutional mandate involves balancing the retributive and

8

rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation. *People v. Daly*, 2014 IL App (4th) 140624, ¶ 26.

¶ 23 Defendant makes several more assertions in support of his argument that the abuse of discretion standard should be abandoned. For instance, defendant argues the abuse of discretion standard is inconsistent with a matter so serious and with such far-reaching consequences as the sentence to be imposed. Defendant also contends that a trial court is in a better position to evaluate the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age should not save the abuse of discretion standard. In support of this argument, defendant asserts the presentence report, which "is meant to contain all of the information necessary to sentence a defendant," is just as accessible and comprehensible to a reviewing court as it is the trial court without observing a defendant's demeanor or judging credibility.

¶ 24 Defendant's arguments ignore the fact that appellate courts are bound to follow the decisions of our supreme court and have no authority to overrule them. *Rickey*, 98 Ill. 2d at 551. For this reason, we cannot abandon the abuse of discretion standard employed by our supreme court in reviewing the imposition of a sentence. Accordingly, we reject defendant's arguments.

¶ 25 Defendant next asserts his sentence was excessive in light of the mitigating evidence presented to the court and nature of the crime. Specifically, defendant argues his sentence was excessive because his demonstrated potential for rehabilitation, his efforts to overcome substance abuse problems, and his poor social background were not adequately considered by the trial court. Alternatively, defendant contends his sentence should be reduced because the trial court abused its discretion by imposing a 20-year sentence for residential burglary. We address these remaining arguments collectively.

9

¶ 26    As discussed throughout this opinion, it is well settled that the trial court is afforded broad discretionary powers in imposing a sentence, and a trial court's sentencing decision will not be disturbed upon review absent an abuse of discretion. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000); *People v. Steffens*, 131 Ill. App. 3d 141, 151 (1985). An abuse of discretion will be found only where the sentencing court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court. *People v. Hall*, 195 Ill. 2d 1, 20 (2000). The trial court is granted such deference because it is generally in a better position than the reviewing court to determine the appropriate sentence, as it has the opportunity to weigh factors such as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Stacey*, 193 Ill. 2d at 209. Consequently, a reviewing court may not overturn a sentence merely because it might have weighed the pertinent factors differently. *People v. McGowan*, 2013 IL App (2d) 111083, ¶ 10.

¶ 27    Although the trial court is afforded broad discretion in sentencing, such discretion is not without limitation. *Stacey*, 193 Ill. 2d at 209. Illinois Supreme Court Rule 615(b)(4) grants reviewing courts the power to reduce an excessive sentence. *Steffens*, 131 Ill. App. 3d at 151. However, that power should be exercised cautiously and sparingly. *Alexander*, 239 Ill. 2d at 212.

¶ 28    Illinois courts recognize that sentences are presumed to be proper. *People v. Boclair*, 225 Ill. App. 3d 331 (1992). When a sentence imposed falls within the statutorily prescribed range, it will not be found to be excessive or an abuse of discretion unless the sentence greatly varies from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *People v. Weiser*, 2013 IL App (5th) 120055, ¶ 33. In other words, an abuse of discretion may be found, even if the sentence is within the statutory range, if it is contrary to the purpose and spirit of the law. *Weiser*, 2013 IL App (5th) 120055, ¶ 33. The spirit and purpose of

10

the law are promoted when the trial court's sentence reflects both the seriousness of the offense and gives sufficient consideration to the defendant's rehabilitative potential. *Boclair*, 225 Ill. App. 3d at 335. The seriousness of the offense is one of the most important factors for the court to consider. *Weiser*, 2013 IL App (5th) 120055, ¶ 32.

¶ 29 Further, if mitigating evidence is presented at the sentencing hearing, a reviewing court presumes the trial court took that evidence into consideration, absent some contrary evidence. *People v. Shaw*, 351 Ill. App. 3d 1087, 1093 (2004). The trial court is not required to recite or assign a value to each factor presented at the sentencing hearing. *Shaw*, 351 Ill. App. 3d at 1093. The defendant bears the burden to affirmatively establish that the sentence was based on improper considerations, and we will not reverse a sentence imposed by a trial court unless it is clearly evident the sentence was improper. *People v. Bowen*, 2015 IL App (1st) 132046, ¶ 49.

¶ 30 Applying these principles to the instant case, we cannot say the trial court's 20-year sentence was excessive or an abuse of discretion. Defendant was convicted of residential burglary, a Class 1 felony. 720 ILCS 5/19-3(a) (West 2012). Defendant was 34 years old at the time the offense was committed. Due to prior criminal convictions, defendant was sentenced as a Class X offender, which carries a sentencing range of 6 to 30 years. 730 ILCS 5/5-4.5-25(a) (West 2012). Therefore, defendant's 20-year sentence is presumed proper since it was within the statutory range for the offense. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 31 Furthermore, the record shows that in sentencing defendant, the trial judge properly considered the nature and circumstances of the offense as well as defendant's rehabilitative potential. Regarding rehabilitative potential, the court acknowledged defendant's family support. The court was also well aware of defendant's upbringing and his attempts to attend counseling "to get a handle on his substance abuse issues," which defendant's counsel asserted have plagued

11

defendant throughout his life. In addition, the court was knowledgeable of defendant's role in the crime, specifically that he was not armed, the victim was not present at her residence when the offense was committed, and all of the stolen property was recovered and returned.

¶ 32    However, the court also considered the seriousness of the crime and highlighted defendant's extensive criminal history, which dates back to 1988. The court noted that despite numerous attempts to rehabilitate defendant over an extended period of time, he was "obviously not getting it." The court was cognizant of the fact that defendant committed this crime while he was on supervised release from the Federal Bureau of Prisons for conspiracy to manufacture more than 50 grams of methamphetamine. Moreover, the court was aware defendant had a pending case in Williamson County for possession of methamphetamine at the time of the instant offense.

¶ 33    A sentencing court is not required to award a defendant's rehabilitative potential greater weight than the seriousness of the offense. *People v. Bryant*, 2016 IL App (1st) 140421, ¶ 17. Further, the constitutional provision that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship" does not require the judge to detail for the record the process by which he or she concluded the penalty imposed was appropriate. Ill. Const. 1970, art. I, § 11; *People v. La Pointe*, 88 Ill. 2d 482, 493 (1981).

¶ 34    Here, defendant essentially requests that this court reweigh the evidence at sentencing and assign greater weight to the mitigating evidence than did the trial court. However, this is not the function of a reviewing court. Rather, it is the trial court's duty to balance the mitigating and aggravating factors and to make a reasoned decision at to the appropriate sentence. We further note that the midpoint of the Class X sentencing range of between 6 and 30 years is 18 years.

12

Thus, defendant's 20-year sentence is only two years above the midpoint of the sentencing range and is much closer to the midpoint than to the maximum. *Bryant*, 2016 IL App (1st) 140421, ¶ 19. The trial court was well within its discretion to impose a 20-year sentence based on all of the sentencing factors presented.

¶ 35   In light of the trial court's careful consideration of the seriousness of the crime and defendant's rehabilitative potential, we cannot say defendant's sentence greatly varies from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. Moreover, considering defendant's lengthy criminal record and the need for deterrence and protection of the public, we do not find the sentence imposed by the trial court constituted an abuse of discretion. Accordingly, we reject defendant's argument.

¶ 36                                    CONCLUSION

¶ 37   For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed. As previously stated, we are bound to review a trial court's imposition of a sentence by the abuse of discretion standard established by our supreme court. However, although we are restrained from abandoning the abuse of discretion standard employed in sentencing, we encourage our supreme to revisit the concept discussed in the dissent of *Perruquet*, namely that sentences be reviewed not solely to determine whether there has been an abuse of discretion, but also whether the trial court followed the constitutional and statutory guidelines. *Perruquet*, 68 Ill. 2d at 158 (Goldenhersh, J., dissenting, joined by Dooley, J.).


¶ 38   Affirmed.

13

2017 IL App (5th) 140427

NO. 5-14-0427

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 13-CF-602 |
| | ) | |
| RANDY ETHERTON, | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**Opinion Filed:**       June 26, 2017

_____

**Justices:**       Honorable Richard P. Goldenhersh, J.

                    Honorable Melissa A. Chapman, J., and
                    Honorable Judy L. Cates, J.,
                    Concur

_____

**Attorneys**       Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy
**for**             Defender, Ian C. Barnes, Assistant Appellate Defender, Office of
**Appellant**       the State Appellate Defender, Fifth Judicial District, 909 Water Tower
                    Circle, Mt. Vernon, IL 62864

_____

**Attorneys**       Hon. Michael Carr, State's Attorney, Jackson County Courthouse,
**for**             1001 Walnut Street, Murphysboro, IL 62966; Patrick Delfino, Director,
**Appellee**        David J. Robinson, Acting Deputy Director, Chelsea E. Kasten,
                    Staff Attorney, Office of the State's Attorneys Appellate Prosecutor,
                    730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL
                    62864

_____