NOTICE
Decision filed 11/15/23. The
text of this decision may be
changed or corrected prior to
the filing of a Peti ion for
Rehearing or the disposition of
the same.

2023 IL App (5th) 230731-U

NO. 5-23-0731

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 23-CF-596 |
| | ) | |
| KAMRON T. JONES, | ) | Honorable |
| | ) | Charles C. Hall, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in denying pretrial release where the trial court's findings that the defendant posed a real and present threat to the safety of any person or the community and that no less restrictive conditions would avoid the real and present threat to the safety of any person or the community were not against the manifest weight of the evidence.

¶ 2    The defendant, Kamron T. Jones, who was charged in this case with four counts of aggravated unlawful use of a weapon, appeals the trial court's order denying defendant's pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104,

---

[1]The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

§ 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

¶ 3        Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by the Act. 725 ILCS 5/art. 110 (West 2022). Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(e), (f) (West 2022). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (725 ILCS 5/110-6.1(a)(1)-(7) (West 2022)) or there is a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8) (West 2022)).

¶ 4        The Code provides a nonexclusive list of factors that the trial court may consider in making a determination of dangerousness, *i.e.*, that the defendant poses a real and present threat to any person or the community. 725 ILCS 5/110-6.1(g) (West 2022). In making the determination of dangerousness, the court may consider evidence or testimony as to factors that include, but are not limited to: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat

and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)). 725 ILCS 5/110-6.1(g) (West 2022).

¶ 5     If the trial court finds that the State proved a valid threat to the safety of any person or the community and/or defendant's likely willful flight to avoid prosecution, or defendant's failure to abide by previously issued conditions of pretrial release, the trial court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[2] (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. 725 ILCS 5/110-5(a) (West 2022).

---

[2]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

3

¶ 6        If the trial court determines that the defendant should be denied pretrial release, the court is required to make written findings summarizing the reasons for denying pretrial release. 725 ILCS 5/110-6.1(h) (West 2022). The trial court's determination regarding pretrial release will not be reversed absent an abuse of discretion. See *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977); *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 15 (setting similar standard of review for the sentence imposed on the defendant after the trial court's consideration of statutory factors and evidence presented at sentencing). Likewise, questions regarding whether the trial court properly considered one or more of the statutory factors in determining dangerousness and/or conditions of release are reviewed for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15 (in considering trial court's decision to deny bail, the reviewing court will not substitute its judgment for that of the trial court merely because it would have balanced the appropriate factors differently). An abuse of discretion occurs when the decision of the trial court is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the trial court. *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 7        Additionally, the trial court's finding that the State presented clear and convincing evidence showing that mandatory conditions of release would fail to protect any person or the community, and/or that the defendant had a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previously issued conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release will not be reversed unless those findings are against the manifest weight of the evidence. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (setting a similar standard of review for requirement of clear and convincing evidence by the State in juvenile proceedings). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable,

arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). "Under the manifest weight standard, we give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the [defendant] and witnesses." *Deleon*, 227 Ill. 2d at 332.

¶ 8 On September 25, 2023, the defendant was charged by information with four counts of aggravated unlawful use of a weapon in Vermilion County, Illinois. Count I alleged aggravated unlawful use of a weapon in that the defendant carried a loaded firearm and that he did not possess a firearm owner's identification card or a valid license to carry the weapon. Count I, as charged, was a Class 4 felony and non-probationable offense. The remaining counts alleged aggravated unlawful use of a weapon, all Class 4 felonies.

¶ 9 On September 25, 2023, the State filed a petition seeking to deny the defendant's pretrial release. On September 26, 2023, the trial court held a pretrial release hearing. The defendant was represented at the hearing by a public defender. After considering the State's proffer and the arguments of counsel, the trial court entered a written order of pretrial detention. In the order, the trial court found by clear and convincing evidence that the defendant posed a real and present threat to the safety of any person or persons in the community based upon the articulable facts of the case, and that no conditions could mitigate the real and present threat to the safety of any person or the community. The defendant timely appealed pursuant to Illinois Supreme Court Rule 604(h)(iii) (eff. Sept. 18, 2023).

¶ 10 On appeal, the defendant claims that the trial court's order denying pretrial release was in error. In support, the defendant argues that the State failed to prove by clear and convincing evidence that he was a threat to the community. The defendant also argues that the trial court failed to properly weigh the fact that the stop and search of the defendant was likely illegal. In response,

5

the State argues that the defendant was charged with the felony of unlawful use of a weapon which, if he were convicted, would require the imposition of a mandatory prison sentence and would, therefore, constitute a qualifying offense under the Code. In response to the defendant's argument that the search and seizure was likely unlawful, the State claims that the defendant waived this argument as he was obligated to file a motion to suppress pursuant to section 114-12(b) of the Code (725 ILCS 5/114-12(b) (West 2022)). The State further claims that even without a written motion, the defendant should have made a record before the trial court and, that if the defendant made a *prima facie* case for suppression, the State would then have had an opportunity to respond. The State concludes that the defendant's failure to move for suppression resulted in unfair prejudice because it was denied any opportunity to present a response. Finally, the State argues that it presented clear and convincing evidence that the defendant posed a "real and present threat to the safety of any person or persons or the community" and that no condition or combination of conditions could mitigate the threat based upon the specific articulable facts of the case.

¶ 11    The record reveals that the trial court held a hearing on September 26, 2023. During the hearing, the State made the following proffer. The Danville police responded to an area where it was reported that gunshots were heard. There, the officers observed that the defendant was the only person in the area, that he had his hands in his pockets, and that he was walking away. An officer stopped the defendant and asked him to remove his hands from his pockets. As the defendant removed his hands from his pockets, the officer saw a bulge that appeared to be "not inconsistent" with a gun. The officer then searched the defendant and found a loaded Glock handgun. The defendant had no firearm owner's identification card or other form of license to carry the gun. There was no indication that the defendant had purchased the gun legally, and the evidence was unclear about where he had obtained the weapon. The State also noted the defendant

was 19 years old at the time of the occurrence and was charged with an offense that carried a mandatory period of incarceration.

¶ 12    In response, the defendant's counsel argued that the police did not have a description of the person who was reportedly shooting, there was no evidence that the defendant had fired the gun, and there was no evidence that the gun in defendant's possession had been recently fired. The defendant's counsel also argued that the defendant had no criminal history, that he was a Danville resident, and that the stop and search was illegal. The defendant did not put on any evidence to further support the argument that the search was unlawful.

¶ 13    At the conclusion of the argument, the trial court stated it had reviewed the pretrial investigation report and was aware that the defendant had no criminal history. The court found that the officers had an articulable suspicion that the defendant had fired the shots because he was the only person in the vicinity of a residential district who was in possession of a concealed gun, and that the defendant's possession of the gun was unlawful. The court further found that the State met their burden to show by clear and convincing evidence that the "proof is evident and the presumption great that Defendant has committed a qualifying offense under the Act." The court also found that the defendant posed a "real present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case," and that no combination of conditions "can mitigate the real and present threat to the safety of any person or persons." The defendant was committed to the county jail for confinement pending trial.

¶ 14    Based on our review of the record, and any memoranda submitted, we find that the trial court's determination that the defendant met the standard of dangerousness, posing a real and present threat to the safety of any person or persons in the community, was not against the manifest weight of the evidence; and, that the trial court's determination that no less restrictive conditions

7

would avoid the real and present threat to the safety of any person or the community was not against the manifest weight of the evidence.

¶ 15    Further, we note that the State's argument regarding the defendant's failure to file a written motion to suppress runs counter to section 110-6.1(f)(6) of the Code (725 ILCS 5/110-6.1(f)(6) (West 2022)). Section 110-6.1(f)(6) addresses the conduct of pretrial release hearings and provides as follows:

> "(6)  The defendant may not move to suppress evidence or a confession, however, evidence that proof of the charged crime may have been the result of an unlawful search or seizure, or both, or through improper interrogation, is relevant in assessing the weight of the evidence against the defendant." 725 ILCS 5/110-6.1(f)(6) (West 2022).

¶ 16    We have thoroughly reviewed the record on appeal and conclude it does not demonstrate that the trial court's order denying pretrial release was an abuse of discretion. Accordingly, the trial court's order is hereby affirmed.

¶ 17    Affirmed.