NOTICE
Decision filed 12/13/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230774-U

NO. 5-23-0774

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-CF-1389 |
| | ) | |
| KELLY R. MILLS, | ) | Honorable |
| | ) | Sara L. Rice, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice Vaughan and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's findings that the defendant committed the offense charged, that he posed a flight risk, and that no conditions or combination of conditions would mitigate the real and present threat of the defendant's willful flight were not against the manifest weight of the evidence. Therefore, we find that the circuit court's determination regarding the defendant's pretrial detention was not an abuse of discretion and the circuit court's order of detention is affirmed.

¶ 2    The defendant, Kelly R. Mills, appeals the September 21, 2023, order of the circuit court of St. Clair County granting the State's petition for pretrial detention and ordering him detained. Pretrial release is governed by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act

1

(Act),[1] as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Code); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). The defendant claims that the State failed to prove by clear and convincing evidence that the presumption was great that the defendant committed the offense of aggravated possession of a stolen motor vehicle. The defendant also claims that the circuit court's findings and decision to detain was an abuse of discretion. For the following reasons, we affirm the judgment of the circuit court of St. Clair County.

¶ 3                                    I. BACKGROUND

¶ 4      On August 9, 2023, the defendant was charged with one count of the offense of aggravated unlawful possession of stolen motor vehicle in violation of section 4-103.2(a)(7)(A) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/4-103.2(a)(7)(A) (West 2022)), one count of the offense of unlawful possession of stolen motor vehicle in violation of section 4-103(a)(1) of the Vehicle Code (*id.* § 4-103(a)(1)), and one count of the offense of aggravated fleeing the police/21 miles per hour over the posted speed limit in violation of section 11-204.1(a)(1) of the Vehicle Code (*id.* § 11-204.1(a)(1)), in St. Clair County, Illinois. On that date, the circuit court issued a bench warrant for the defendant's arrest and set bond at $100,000.

---

[1] "The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

¶ 5    On September 19, 2023, the defendant was apprehended on the bench warrant, and on September 20, 2023, the State filed a verified petition for pretrial detention alleging that the defendant "has a high likelihood of willful flight to avoid prosecution and is charged with any of the above-described felonies, or a Class-3 or higher felony offense." On the same date, the circuit court entered an initial appearance order appointing the public defender to represent the defendant and set the matter for a hearing on the State's verified petition for September 21, 2023. Also, on the same date, a pretrial investigation report was filed for the circuit court's consideration.

¶ 6    On September 21, 2023, the circuit court held a hearing on the State's verified petition and issued an order finding that the defendant was charged with an offense that was "[g]reater than a Class 4 felony (Willful Flight)." The circuit court also found by clear and convincing evidence that the defendant posed a flight risk, that there were no conditions or combination of conditions that could mitigate the real and present threat of the defendant's willful flight, and that less restrictive conditions would not ensure the safety of the community or ensure the defendant's appearance in court. The circuit court ordered: "Defendant's detention is necessary to avoid the real and present threat/danger to any person or persons or the Community; and or, willful flight from prosecution. Defendant is remanded to the custody of the St. Clair County Sheriff for confinement in the county jail until further order of court."

¶ 7    On September 29, 2023, the defendant timely appealed. Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023). The defendant originally utilized the Notice of Pretrial Fairness Act Appeal 604(h) (Defendant as Appellant) standardized form provided by the Illinois

Supreme Court. The Office of the State Appellate Defender was appointed to represent the defendant in this appeal and filed a memorandum in support of Rule 604(h) appeal. The State filed a response to the defendant's appeal.

¶ 8                                     II. ANALYSIS

¶ 9     Pretrial release is governed by article 110 of the Code, as amended by the Act. 725 ILCS 5/art. 110 (West 2022). Under the Code, a defendant's pretrial release may only be denied in certain statutorily limited situations. See *id.* §§ 110-2(a), 110-6.1. After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident, or the presumption is great, that the defendant has committed a qualifying offense; that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk; and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The circuit court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the circuit court concludes that the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)), or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 10    The statute provides a nonexclusive list of factors that the circuit court may consider in making a determination of "dangerousness," *i.e.*, that the defendant poses a real and present threat to any person or the community. *Id.* § 110-6.1(g). In making a determination of dangerousness, the circuit court may consider evidence or testimony as to factors that

4

include, but are not limited to: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to a weapon; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or supervised release from custody; and (9) any other factors including those listed in section 110-5 of the Code (*id.* § 110-5). *Id.* § 110-6.1(g).

¶ 11    If the circuit court finds that the State proved a valid threat to a person's safety or the community's safety and/or the defendant's likely willful flight to avoid prosecution, or the defendant's failure to abide by previously issued conditions of pretrial release, then the circuit court must determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the circuit court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[2] (4) the

---

[2]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning

5

nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id*. The statute lists no singular factor as dispositive. *Id*.

¶ 12    If the circuit court determines that the defendant should be denied pretrial release, the circuit court is required to make written findings summarizing the reasons for denying pretrial release. *Id.* § 110-6.1(h). The circuit court's determination regarding pretrial release will not be reversed absent an abuse of discretion. *People v. Swan*, 2023 IL App (5th) 230766, ¶ 11 (citing *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977); *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 15 (setting a similar standard of review for the sentence imposed on the defendant after the circuit court's consideration of statutory factors and evidence presented at sentencing). Likewise, questions regarding whether the circuit court properly considered one or more of the statutory factors in determining dangerousness are reviewed for an abuse of discretion. *Id.* (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15 (in considering circuit court's decision to deny bail, the reviewing court will not substitute its judgment for that of the circuit court merely because it would have balanced the appropriate factors differently)). An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, or unreasonable, or when no

---

appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

6

reasonable person would agree with the position adopted by the circuit court. *Id.* (citing *Simmons*, 2019 IL App (1st) 191253, ¶ 9).

¶ 13    Additionally, the circuit court's finding that the State presented clear and convincing evidence showing that mandatory conditions of release would fail to protect any person or the community, and/or that the defendant had a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previously issued conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release will not be reversed unless those findings are against the manifest weight of the evidence. *Id.* ¶ 12 (citing *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (setting a similar standard of review for requirement of clear and convincing evidence by the State in juvenile proceedings)). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Id.* (citing *People v. Deleon*, 227 Ill. 2d 322, 332 (2008)). "Under the manifest weight standard, we give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses." *Deleon*, 227 Ill. 2d at 332.

¶ 14    On appeal, the defendant argues that the State failed to prove by clear and convincing evidence that the presumption was great that the defendant committed the offense of aggravated possession of a stolen motor vehicle. The defendant argues, citing to *Parsons v. Winter*, 142 Ill. App. 3d 354, 359 (1986), that clear and convincing evidence is not quite the degree of proof necessary to convict, but it must be greater than a preponderance of the evidence, *i.e.*, whether it is "probably true." Further, the defendant

7

points out that because clear and convincing evidence is a greater standard, it means that the evidence shows that it was "highly probably true" that the defendant committed the offense. See *id*.; *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74 (evidence that is clear and convincing has to be greater than a "more likely than not" standard). In support of his argument, the defendant contends that the totality of the State's evidence proffer at the hearing was as follows:

> "Apparently a 2012 Chevy Colorado was reported stolen by [name of owner]. Authorities determined that [the defendant] had the vehicle, took it without permission, and when authorities tried to stop him, he fled after emergency signals and sirens had been activated; he fled in excess of 21 miles per hour."

According to the defendant, the State's proffer was merely a recitation of the elements of the charged offense rather than a proper proffer to prove that it was "highly probably true" that the defendant committed the charged offenses. The defendant argues that section 110-6.1(f)(7) of the Code (725 ILCS 5/110-6.1(f)(7) (West 2022)) requires the circuit court to individualize its decisions regarding pretrial release and that there remained unanswered questions from the State's proffer, such as was he the driver of the vehicle that demonstrates the circuit court's decision was not individualized.

¶ 15     Further, no police report, affidavit, written summary, nor exhibits were attached to the State's verified petition. Therefore, the defendant argues that the circuit court's findings and decision was an abuse of discretion. In the alternative, the defendant contends that if this court determines that the State met its burden of proof as to the weight of the evidence,

8

the defendant rests on his argument presented in the circuit court that although the offense itself was one of fleeing and eluding, the defendant had never failed to appear in court.

¶ 16    In response, the State acknowledges that it must prove that the defendant committed the charged offense by clear and convincing evidence. However, the State argues that it is "neither reasonable nor practical to require the State to prove the entirety of its case at a detention hearing." In support of its argument, the State notes that it disclosed approximately 69 pages of documentation related to the case to the defendant prior to the detention hearing. Also, the State's proffer at the hearing was based on the specific facts alleged in the three counts alleged in the information. Accordingly, the State contends that the record clearly demonstrates that it is "highly probably true" that the defendant committed the offense charged.

¶ 17    Turning to the circuit court's finding that the defendant is a flight risk, the State argues that, in its ruling, the circuit court noted that "pursuant to statute willful flight includes the following language: Intentional conduct with a purpose to thwart the judicial process to avoid prosecution." The State argues that it is difficult to envision a scenario that would better demonstrate the defendant's propensity and willingness to flee to avoid prosecution than by driving a stolen vehicle at a high rate of speed in an effort to elude law enforcement officers attempting to apprehend him. We agree with the State.

¶ 18    The record reveals that the State's verified petition for pretrial detention was called for a hearing on September 21, 2023, and the defendant was represented by his court-appointed counsel. At the outset, the circuit court inquired whether the parties had provided discovery to each other prior to the hearing. Defense counsel indicated that the State had

provided 69 pages of discovery prior to the hearing, and that she had the opportunity to discuss the discovery with the defendant. The State also stated that defense counsel had provided discovery as well. Both the State and defense counsel indicated that they had received and reviewed the pretrial investigation report.

¶ 19　In contrast to the defendant's contentions on appeal, the State did provide specific, individual facts regarding the defendant's commission of the offense charged. The defendant seems to argue that the State's use of the word "apparently" when beginning its proffer somehow renders the proffer questionable. We do not agree. As stated, the State's proffer was proper in that it showed that the vehicle's owner reported the vehicle stolen, law enforcement determined that the defendant took the vehicle without the owner's permission, and that when the officers attempted to stop and apprehend the defendant, he fled from the officers obtaining speed in excess of 21 miles per hour over the posted speed limit.

¶ 20　We do not agree with the defendant that a police report, affidavit, written summary, or exhibits are required to be attached to the State's verified petition for pretrial detention. The Code does not require any attachment(s) to be attached to a petition. 725 ILCS 5/110-6.1(d) (West 2022). Rather, the Code requires that: "Prior to the hearing, the State shall tender to the defendant copies of the defendant's criminal history available, any written or recorded statements, and the substance of any oral statements made by any person, if relied upon by the State in its petition, and any police reports in the prosecutor's possession at the time of the hearing." *Id.* § 110-6.1(f)(1). That is exactly what the State did in this case.

¶ 21    After the State's proffer and the conclusion of counsels' arguments, the circuit court found, by clear and convincing evidence, that the proof was evident or the presumption great that the defendant committed a qualifying offense. The circuit court then considered the pertinent statutory factors regarding the determination of the defendant's willful flight from prosecution, including the nature and circumstances of the current offenses, the defendant's history and characteristics, and the pretrial investigation report, which included the defendant's lengthy criminal history. The circuit court found that the State had proved by clear and convincing evidence that the defendant posed a flight risk and that there was no condition or a combination of conditions that would mitigate the real and present threat of the defendant's willful flight and that less restrictive conditions would not ensure the safety of the community or ensure the defendant's appearance in court.

¶ 22    Based on our review of the record, and any memoranda submitted, including the pretrial investigation report, we find that the State's proffer, along with the discovery documents provided to defense counsel prior to the hearing, was sufficient for the circuit court to find by clear and convincing evidence that the proof was evident and the presumption great that the defendant committed a qualifying offense. We also find that the circuit court's determination that the defendant poses a flight risk and that there are no conditions or combination of conditions that can mitigate the real and present threat of the defendant's willful flight and that less restrictive conditions would not ensure the safety of the community or ensure the defendant's appearance in court was not against the manifest weight of the evidence. We have thoroughly reviewed the record on appeal and conclude

11

that it does not demonstrate that the circuit court's order denying pretrial release was an abuse of discretion. Accordingly, we affirm the circuit court's order.

¶ 23                                    III. CONCLUSION

¶ 24    For the foregoing reasons, we affirm the September 21, 2023, detention order of the circuit court of St. Clair County.

¶ 25    Affirmed.